IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FRANK GEORGE LATONIE, ) | CIV. NO. 13-00317 HG/RLP |
| ) | |
| Plaintiff, ) | |
| ) | ORDER DISMISSING COMPLAINT WITH |
| vs. ) | LEAVE GRANTED TO AMEND |
| ) | |
| WESLEY MUN, DR. SALDANA, ) | |
| KCCC MEDICAL HEALTH CARE ) | |
| NURSES 1-10, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**ORDER DISMISSING COMPLAINT WITH LEAVE GRANTED TO AMEND**

Before the court is *pro se* Plaintiff Frank George Latonie's prisoner civil rights complaint brought pursuant to 42 U.S.C. § 1983. *See* Compl., ECF No. 1. Plaintiff alleges that medical and correctional staff at the Kauai Community Correctional Center ("KCCC") acted with deliberate indifference to his health, violating his rights under the Eighth and Fourteenth Amendments to the United States Constitution.

The court has screened the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(A)(b)(1), and finds that it fails to state a cognizable claim. The Complaint is DISMISSED with leave to amend as discussed below.

**I. PLAINTIFF'S ALLEGATIONS**

Plaintiff broadly alleges that Department of Public Safety ("DPS") Health Care Administrator Wesley Mun, KCCC Dr.

Saldana, and unidentified KCCC medical staff were deliberately indifferent to his "Chronic Medical Needs Intentionally interfering with treatment once prescribed." Compl., ECF No. 1 PageId #5. Plaintiff does not explain what those medical needs are, although he says that he has "Lifelong Chronic medical Health Deteriorating Causing Malfunction within Stomach, Liver, Kidneys [and] Heart Disease." *Id.* Plaintiff also vaguely alleges that unnamed KCCC officials retaliated against him for filing a grievance, when they housed him in solitary confinement.[1] Plaintiff provides no other facts or details in support of these claims. He seeks general, punitive, and special damages.

## II. **STATUTORY SCREENING**

The court must screen all civil actions brought by prisoners relating to prison conditions and/or seeking redress from a governmental entity, officer, or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if its claims are legally frivolous, malicious, fail to state a claim on which relief may

---

[1] Plaintiff states:

> Facility Administration Conduct Causing Redress regarding Grievance Manifesting Retaliation by Act of Deprivation in Solitary Segragation [sic] for Plaintiff Constitutional Right Adressing [sic] Federal Civil Right Denial.

Compl., ECF No. 1 PageID #6.

be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1).

A complaint may be dismissed for failure to state a claim if it (1) lacks a cognizable legal theory; or (2) contains insufficient facts under a cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  A sufficient complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court

to draw on its judicial experience and common sense." *Id.* at 679. Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Id.* (quoting Fed. Rule Civ. Proc. 8(a)(2)).

The court must construe a *pro se* complaint liberally, in the light most favorable to the plaintiff, and accept all allegations of material fact as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*); *Hebbe v. Pliler*, 611 F.3d 1202, 1205 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Hebbe*, 627 F.3d at 342 (quoting *Erickson*, 551 U.S. at 94). Leave to amend should be granted unless it appears that amendment is futile. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). The court should not advise the litigant how to cure the defects because this type of advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).

### III. <u>DISCUSSION</u>

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a

person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted), *vacated and remanded on other grounds*, 129 S. Ct. 2431 (2009); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); 42 U.S.C. § 1983.

**A.  Deliberate Indifference**

Plaintiff claims that he has been denied appropriate medical care.  To successfully allege that inadequate or negligent medical care constitutes cruel and unusual punishment, a plaintiff must show "a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain" and that "the defendant's response to the need was deliberately indifferent."  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).  Deliberate indifference "is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference."  *Id.*  That is, the prison official "knows of and disregards an excessive risk to inmate health or safety; [and] the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  When a prisoner alleges a delay in

receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992), *overruled on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (citing *Shapely v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985)).

The Complaint is devoid of any facts detailing what Plaintiff's serious medical needs are, how Defendants were deliberately indifferent to those medical needs, what each Defendant did to violate his rights, and when these alleged violations occurred. There is, therefore, no basis for the court to reasonably infer that Defendants violated Plaintiff's constitutional rights. *See Iqbal*, 556 U.S. at 678. Plaintiff does not even submit "[t]hreadbare recitals of the elements of a cause of action," *id.*, but only conclusions and "naked assertions." *Twombly*, 550 U.S. at 555. Plaintiff fails to state a claim against any Defendant indicating that they were deliberately indifferent to his serious medical needs.

**B.    Retaliation**

Plaintiff suggests that prison officials housed him in segregation for submitting a prison grievance. *See* Compl., ECF No. 1 PageID #6. Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government,

which would include pursuing a prison grievance, may support a § 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005); *accord Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff provides insufficient facts to indicate that any Defendant retaliated against him for pursuing a prison grievance. He fails to indicate when he submitted a grievance, what its contents were, who processed this grievance, what the outcome was, and who had the authority to house him in segregation (allegedly for filing the grievance). That is, he fails to provide sufficient details, or a timeline linking his filing of a grievance to his placement in segregation. Plaintiff fails to state a retaliation claim for pursuing his First Amendment rights.

//

**C.    Linkage**

As in all § 1983 cases, a complaint alleging deliberate indifference to an inmate's health or serious medical need must state in specific terms how each defendant is involved.  There can be no liability under § 1983 without an affirmative link or connection between an individual defendant's actions and the claimed deprivation.  *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  Plaintiff fails to link any Defendant to specific conduct that allegedly violated his constitutional rights.

**D.    Supervisory Liability**

Plaintiff names DPS Health Care Administrator Wesley Mun, but makes no specific allegations against Mun.  Particularly with respect to supervisory, managerial, or executive-level personnel, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 662 U.S. at 675-76; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009).  Supervisors may be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011); *Corales v. Bennett*, 567

F.3d 554, 570 (9th Cir. 2009). Liability may not be imposed on supervisory personnel under the theory of respondeat superior. *Iqbal*, 662 U.S. at 675-76.

Plaintiff may not hold Mun liable based solely on his position of as DPS Health Care Administrator. Plaintiff alleges no facts linking Mun to any acts or omissions which suggest he participated, directed, or knew of constitutional violations and failed to prevent them. Plaintiff fails to state a cognizable claim for relief under § 1983 against Defendant Mun under a theory of supervisory liability.

Plaintiff's Complaint fails to state any claims on which relief may be granted because it contains no factual allegations supporting his claims or linking his vague claims to Defendants. Plaintiff's conclusory allegations of harm do not give rise to any facially plausible claims for relief. Fed. R. Civ. P. 8(a); *Iqbal,* 662 U.S. at 678-79.

### IV.  LEAVE TO AMEND

Plaintiff's Complaint is DISMISSED for failure to state a claim. Plaintiff may file a proposed amended complaint on or before **July 31, 2013,** curing the deficiencies noted above. *Lopez*, 203 F.3d at 1130. Plaintiff may not change the nature of this suit alleging the delay or denial of medical care and retaliation for grieving these claims, however, by adding new,

unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that allegedly violated his constitutional rights. Although accepted as true, Plaintiff's "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555.

The amended complaint must clearly designate that it is the "First Amended Complaint." It must be retyped or rewritten in its entirety on court-approved forms and may not incorporate any part of the original Complaint by reference. *Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992). "Claims that have been dismissed with leave to amend and are not repled in the amended complaint will be considered waived." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925, 928 (9th Cir. 2012).[2]

### V.   28 U.S.C. § 1915(g)

If Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, this dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a

---

[2] Claims that are dismissed with prejudice and without leave to amend need not be repled in an amended complaint to preserve them for appeal. *Lacey*, 693 F.3d at 928.

prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

### VI.  CONCLUSION

1. The Complaint is DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

2. Plaintiff may file an amended complaint on or before **July 31, 2013**.  If Plaintiff fails to do so, this action will be DISMISSED without further notice and the Clerk of Court SHALL enter judgment stating that the dismissal was pursuant to 28 U.S.C. § 1915.

3. The Clerk of Court is DIRECTED to forward a copy of the court's prisoner civil rights complaint form to Plaintiff so that he may comply with this Order.

4. Any pending motions are DENIED.  Plaintiff is NOTIFIED that the court will take no action on any motions he files until he has submitted a sufficient amended complaint that cures the

//

//

deficiencies noted herein.

       IT IS SO ORDERED.

       DATED: July 2, 2013, Honolulu, Hawaii.



                                        /S/ Helen Gillmor
_____
Helen Gillmor
United States District Judge

*Latonie v. Mun,* 1:13-cv-00317 HG/RLP; G:\docs\kelly\Orders\Denise\13cv317.Latonie  v. Mun.Dismissing Complaint with Leave to Amend.wpd